IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy Culpepper, Jr., #303625, | ) Civil Action No. 9:09-2328-TLW-BM |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Jacob Wilson; and Larry "PJ" Patton, | ) |
| Defendants. | ) |

This action was filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, formerly an inmate with the South Carolina Department of Corrections,[1] alleges violations of his constitutional rights.

The Defendants filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P. on November 9, 2009. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on November 10, 2009, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. After receiving an extension of time to respond, the Plaintiff filed a memorandum in opposition to the Defendants' motion on January 15, 2010. Plaintiff also requested, and was granted, an extension until February 4, 2010 to submit affidavits in support of his claim. That period of time has now expired, however, with no additional affidavits having been submitted.

---

[1]Plaintiff has now been released from custody. See Court Docket No. 25.

1



Defendants' motion is now before the Court for disposition.[2]

**Plaintiff's Allegations**

Some of the claims and Defendants originally included in Plaintiff's complaint have already been dismissed. See Order filed December 14, 2009. With respect to the remaining claims being asserted against the two remaining natural Defendants, Plaintiff alleges in his verified complaint[3] that he was convicted of criminal sexual conduct, second degree, and grand larceny, for which he received a six year sentence with no parole eligibility. Plaintiff further alleges that his sentence required that he be released to the Community Supervision Program (CSP) upon completion of eighty-five percent of his sentence.[4] Plaintiff alleges that, approximately one year prior to his release, he began searching for a halfway house, shelter, or some other type of residence, but was unable to find one, "[p]rimarily, due to the fact that [Plaintiff's] offense is of a sexual nature."

Plaintiff alleges that he was referred to the Defendant Wilson, the parole examiner for the Turbeville Correctional Institution, who was "less than helpful" in addressing Plaintiff's concerns. Plaintiff alleges that when he advised Wilson that he was seeking housing assistance in either South Carolina or Tennessee, Wilson told him that they had "no resources to help me with housing in Tennessee." With respect to South Carolina, Plaintiff alleges Wilson told him that "they do not help inmates with housing and that I must do this on my own." Plaintiff alleges that further

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

[4] See generally, S.C. Code Ann. § 24-21-560, as amended.



correspondence he sent to Wilson was returned, with Wilson telling him that it was "not his responsibility to assist me."

Plaintiff alleges that he subsequently found an address for his CSP through Chaplain Services, which he submitted to classification around September or October 2008. Plaintiff alleges that he was called to Operations on January 29, 2009, which was only twenty-four (24) hours before he was supposed to be released from the Department of Corrections, to sign his supervision papers, but was informed by Wilson that his address had been rejected. Plaintiff alleges that Wilson told him not to worry, however, because it was the responsibility of the County of his conviction, York County, to assist him in finding adequate housing.

Plaintiff further alleges that on January 15, 2009, he saw a memo on SCDC letterhead discussing a program designed to assist inmates who are being release on CSP, and who are also sex offenders, in transitioning back into society. However, Plaintiff alleges that when he was released on January 30, 2009, he arrived in Rock Hill, South Carolina by bus with no place to live and no money. Plaintiff alleges he went to the Salvation Army shelter, and reported (presumably to the office of the South Carolina Department of Probation, Parole and Pardon Services, although this is not clear in the complaint) the following business day (which was three days later), February 2, 2009. Plaintiff alleges that he was at that time served a warrant for violation of CSP for failing to obtain suitable housing. Plaintiff was then held in custody until March 6, 2009, when he appeared before Judge Wes Hayes, who had also been his original sentencing judge.

Plaintiff alleges that his public defender argued that his violation had not been willful, and he was given until March 16, 2009 to find suitable housing, which was subsequently extended another two (2) days. In that period of time, Plaintiff stayed at the Hadens Mens Shelter. Plaintiff alleges that this shelter was operated by Pastor Mike Clawson, who was told by the Defendant Patton



3

(an employee of the Probation Department and apparently Plaintiff's probation officer) that Plaintiff was "a child molester who was less than honest . . . ." Plaintiff alleges that this resulted in Pastor Clawson not continuing his assistance. Plaintiff alleges that Patton also turned down another possible residence because the landlords were elderly, which Plaintiff alleges is outside the "regulations for field supervisors".

Plaintiff alleges that because of Patton's actions, he was arrested a second time on March 13, 2009. Plaintiff alleges that the Defendant Patton recommended a revocation; however, the judge at this hearing gave Plaintiff another ten (10) days to find suitable housing. Plaintiff alleges that Patton required Plaintiff to contact him daily, as well as report in person when he was released the day following the hearing. Plaintiff alleges that when he saw Agent Patton, that Patton "verbally assaulted" him in front of two other agents, telling Plaintiff that he was "subject to his rules". Plaintiff alleges that he turned in six (6) addresses to Patton, but that Patton restricted him to choosing between only two. Plaintiff alleges that Patton then approved one of his addresses on April 8, 2009, and that when he reported to Patton on April 10, 2009 (his ten day deadline from the Court), arrangements were being made to secure payment for the rental house. Plaintiff alleges he was fitted for GPS monitoring by Patton; however, he was arrested again "after running out of time, almost securing the housing approved." Plaintiff alleges that he was then held until April 27, 2009, when another judge sent him back to prison to serve the remaining fifteen (15%) percent of his sentence, following Patton's recommendation of a full revocation.[5]

Plaintiff alleges that both Wilson and Patton violated his due process rights, and seeks monetary damages against these two Defendants. See generally, Verified Complaint. As

---

[5] If a court determines that a prisoner has willfully violated a term or condition of CSP, it may revoke the prisoner's CSP and impose a sentence of up to one year for the violation. S.C. Code Ann. § 24-21-560(c), as amended.

4



attachments to his memorandum in opposition to summary dismissal, Plaintiff has submitted numerous exhibits in support of his claims, including correspondence and requests to staff members relating to his attempts to find housing, copies of his offender warrants and orders from the court amending his sentence, some CSP documentation, and what appears to be a portion of a transcript from his revocation hearing.

**Discussion**

When considering a Rule 12 motion to dismiss, the Court is required to "accept the allegations in the [pleading] as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991) (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)). See also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, factual allegations must be enough to raise a right to relief above the speculative level]. Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard.

However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990). Defendants argue in their motion that they are entitled to



5

dismissal of this action because the allegations of the complaint fail to state a due process violation, because the Plaintiff was required to first seek habeas relief before filing this lawsuit, and because they are immune from suit under § 1983 in their official capacities. Plaintiff alleges he has stated a viable claim. However, after careful consideration of this matter, the undersigned is constrained to agree with the Defendants that they are entitled to dismissal of this case.

First, to the extent Plaintiff is seeking monetary damages for wrongful imprisonment, this claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994), which provides that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 Plaintiff must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing a relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Heck, 512 U.S. at 486-487. The allegations of Plaintiff's complaint, as well as Plaintiff's own exhibits, make clear that the remainder of Plaintiff's community supervision program was revoked and he was remanded to the Department of Corrections for the remainder of his sentence after a court hearing at which he was represented by counsel. There is no allegation that this Court decision was ever overturned, or even appealed. Therefore, Plaintiff cannot maintain a claim for damages under § 1983 for the revocation of his CSP and incarceration**.** Thomas v. South Carolina, No. 08-3039, 2009 WL 210917 at * 3 (D.S.C. Jan. 27, 2009)["Since Plaintiff has not been successful in having his CSP violation conviction set aside by way of appeal, PCR, habeas corpus, or otherwise before he filed this case, and because Plaintiff's allegations of excessive, illegal sentence, if true, would necessarily invalidate his conviction, he cannot sue any of the Defendants' because of their involvement in his prosecution, conviction and/or ultimate imprisonment."]; James v. Nettles, No.



6

08-2413, 2008 WL 4450242 at * 3 (D.S.C. Sept. 29, 2008)["As Plaintiff makes no allegations that his one (1) year sentence for CSP violation has been invalidated, this case is subject to summary dismissal."]; cf. Eaton v. McGee, 113 Fed.Appx. 9, 10 (5th Cir. 2004) [§ 1983 complaint challenging parole revocation and two additional convictions barred by Heck where inmate had not shown that revocation or convictions had been set aside or otherwise called into question]; O'Bryant v. Taylor, 263 F.3d 163 (5th Cir. 2001) [applying Heck to a probation revocation proceeding); Jackson v. Vannoy, 49 F.3d 175, 176 (5th Cir. 1995) [Heck applied to probation revocation proceeding], cert. denied, 516 U.S. 851 (1995).

Further, with respect to the Defendant Patton, any actions he took with respect to Plaintiff's revocation, to include any violation reports Patton may have authored, his recommendation that Plaintiff's CSP be revoked, as well as his participation in Plaintiff's court hearings, do not give rise to a constitutional claim, as he enjoys immunity from suit for these actions. See Boyce v. County of Manicopa, 144 Fed.Appx. 653, 654 (9th Cir. Aug. 15, 2005) ["The district court properly concluded that the probation officer defendants were entitled to absolute quasi-judicial immunity against damages claims."]; Galvin v. Garmon, 710 F.2d 214, 215 (5th Cir. 1983) [state probation officers entitled to qualified immunity]; Ray v. Pickett, 734 F.2d 370 (8th Cir. 1984) [probation officers entitled to qualified immunity for their roles in petitioning for probation revocation]. See also Faile v. South Carolina Department of Juvenile Justice, 566 S.E.2d 536, 540-541 (S.C. 2002) [applying South Carolina law]. Additionally, witnesses in criminal proceedings have absolute immunity in an action for damages brought under § 1983. See Briscoe v. LaHue, 460 U.S. 325, 327-346 (1983); Lowman v. Town of Concord, 1995 WL 108224 (W.D.N.Y. March 7, 1995) (collecting cases); Kincaid v. Eberle, 712 F.2d 1023 (7th Cir. ), cert. denied, 464 U.S. 1018 (1983); Mireles v. Waco, 502 U.S. 9 (1991).



Finally, as for Plaintiff's complaint that neither Patton nor Wilson provided him with sufficient assistance in obtaining suitable housing, and that his failure to do so was therefore essentially their fault, rather than his own, Heck would still bar this claim, as (if Plaintiff were successful) it would undermine the validity of the revocation of his CSP. Aiken v. Cottingham, No. 08-2491, 2008 WL 4449952 at * * 2-3 (D.S.C. Sept. 26, 2008)["[U]ntil the Plaintiff's sentence is reversed, vacated, or set aside, any civil rights action based on the CSP violation and resulting sentence will be barred because of the holding in Heck v. Humphrey."].

## Conclusion

Based on the foregoing, it is recommended the Defendants' motion be **granted**, and that this case be **dismissed**, without prejudice, under Heck v. Humphrey.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 24, 2010

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

